IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00039-TPO

DJOBO BAH,

    Petitioner,

v.

KRISTI NOEM,
Secretary, U.S. Department of Homeland Security;
TODD M. LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement,
ARTHUR WILSON,
ICE Field Officer Director;
JOHNNY CHOATE,
Warden, Aurora Immigration Detention Facility;
PAMELA BONDI,
U.S. Attorney General;

in their official capacities,

THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and
THE BOARD OF IMMIGRATION APPEALS,

    Respondents.

---

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1. Petitioner is "in custody" for the purpose of § 2241. *Id*. at 6. The Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1651 (the All Writs Act), and 28 U.S.C. § 2201 (the Declaratory Judgment Act). ECF 1 ¶¶ 5-6. The Clerk of Court directly assigned this case to me pursuant to D.C.COLO.LCivR 40.1. ECF 3.

As he pleads in his Petition,[1] Petitioner "is a native and citizen of Mali who is currently in the custody of the Department of Homeland Security in Aurora, Colorado." *Id*. at 6. Petitioner entered without inspection and was not apprehended upon arrival. *Id.* at 2. On or around June 19, 2025, Petitioner was apprehended by the Department of Homeland Security. *Id.* Petitioner's request for a bond redetermination hearing was denied on July 28, 2025, after the Immigration Judge ("IJ") determined that the Immigration Court lacked jurisdiction in light of the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*,[2] 29 I&N Dec. 216 (BIA 2025). *Id.* at 2. On November 3, 2025, an IJ granted Petitioner asylum, a decision which DHS appealed on December 2, 2025. *Id.* at 8.

Petitioner asserts that his detention should be pursuant to 8 U.S.C. § 1226(a), which entitles a detainee to a bond hearing before an IJ at any time before the entry of a final removal order. *Id.* at 9. His continued detention under § 1225(b)(2) is unlawful because "§ 1225(b) governs 'aliens seeking admission into the country' whereas § 1226(a) governs 'aliens already in the country' who are subject to removal proceedings." *Id.* (citing *Jennings v. Rodriguez*, 538 U.S. 281, 289 (2018)). Petitioner alleges two causes of action: (1) violation of his Fifth Amendment right to due process based on his denied bond request; and (2) violation of the INA by detaining him under § 1225(b)(2)

---

[1] The Court notes generally that Petitioner references multiple exhibits in the Verified Petition, none of which were actually attached. *See* ECF 1 at 2, 8 (references to Exhibits 1, 2, and 4). As stated below, the Court orders Petitioner to file any proposed attachments that Petitioner would like the Court to consider on ECF/PACER.

[2] For decades, non-citizen aliens, like Petitioner, who entered the United States without inspection and were later apprehended within the interior of the country were entitled to bond hearings under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a). In *Matter of Yajure Hurtado*, the BIA adopted DHS's recent policy shift, which broadened its interpretation of individuals "seeking admission" subject to mandatory detention under § 1225(b)(2)(A), and ineligible for a bond hearing, to include aliens already within the country when apprehended. 29 I&N Dec. at 225.

and not § 1226(a). *Id.* at 12-14. Among other relief, Petitioner asks this Court declare his detention without bond in violation of the Fifth Amendment and INA; Order his immediate release on bond;[3] and "[e]nter all necessary relief, injunctions, and orders as justice and equity as appropriate to remedy the harms to Petitioner." *Id.* at 14-15.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with this Petition, any exhibits, and this Order to Show Cause by <u>January 15, 2026</u>**. Within 48 hours of serving Respondents with this Petition and Order to Show Cause, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter a notice of appearance. Also **by January 15, 2026**, counsel for Petitioner shall file a notice of appearance.

**On or before January 22, 2026**, Respondents shall show cause why the Petition [ECF 1] should not be granted. By the same day, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 4].

**On or before January 26, 2026**, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

---

[3] Petitioner did not file a separate motion under Fed. R. Civ. P. 65 for a preliminary injunction or a temporary restraining order to enjoin Respondents from transferring him outside of the District of Colorado. Because Petitioner does not file such a motion, this Court does not consider that request to be for expedited injunctive relief. Should that be the relief he seeks, he shall file the appropriate Rule 65 motion.

DATED at Denver, Colorado, this 12th day of January, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge