IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00039-CNS

DJOBO BAH,

    Petitioner,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
ARTHUR WILSON, in his official capacity as ICE Field Officer Director,
JOHNNY CHOATE, in his official capacity as the warden of the Aurora Immigration Detention Facility,
PAMELA BONDI, in her official capacity as the United Status Attorney General,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,
THE BOARD OF IMMIGRATION APPEALS,

    Respondents.

## ORDER

Sometimes it is difficult to arrive at conclusions or resolve issues. Due, perhaps, to an issue's complexity, or the lack of any guidance available to help resolve it. Neither circumstance is present here.

Before the Court is Petitioner's fully briefed Verified Petition for Habeas Corpus. ECF No. 1. As the parties' briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's

1

challenge, *see* 28 U.S.C. § 2243, and, for the reasons explained below, the Court GRANTS the petition. Explained further below, Respondents are ORDERED to provide Petitioner with a bond hearing. In granting the petition, the Court presumes familiarity with the parties' briefing, and this case's factual and procedural background. *See* ECF Nos. 1, 15, 17.

## I. ANALYSIS

In his petition, Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 12–13, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Indeed, as Respondents recognize in advancing their unpersuasive arguments that Petitioner is an "applicant for admission under 8 U.S.C. § 1225(b)(2)," "numerous nonprecedential decisions have reasoned otherwise." ECF No. 15 at 2. The Court has issued several of those decisions, concluding against substantially similar factual backgrounds—like many other courts—that petitioners were not subject to 8 U.S.C. § 1225's mandatory detention provisions, and that Respondents were wrong to deny those petitioners "an opportunity to seek release on bond." *Garcia Cortes v. Noem*, No. 1:25–cv–02677–CNS, 2025 WL 2652880, at *3 (D. Colo. Sept. 16, 2025); *Valera v. Baltazar*, No. 1:25–cv–03744–CNS, 2025 WL 3496174, at *2 (D. Colo. Dec. 5, 2025) (rejecting argument that petitioner who had been in the United States for years was subject to mandatory detention and noting that "the legal issues presented here have been recently litigated before and decided by this Court, as well as many other courts across the country"); *Hernandez v. Baltazar*, No. 1:25–cv–03094–CNS, 2025 WL

2996643, at *7 (D. Colo. Oct. 24, 2025 ("The Court joins the many other courts nationwide who have declined to accept Respondents' novel new interpretation of decades-old law." (collecting cases)). And cases' interpretation of *Jennings*—which cut the other way, relative to Respondents' own—bolster the Court's conclusion that Respondents err in arguing § 1225 governs Petitioner's detention. *See, e.g., Espinoza Ruiz v. Baltazar*, No. 1:25–cv–03642–CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (discussing *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)). *Cf.* ECF No. 15 at 4.[*]

Because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to a bond hearing. *See* ECF No. 1 at 9; *Garcia Cortes*, 2025 WL 2652880, at *3–4. Respondents concede as much in their response: "Thus, even if the Court finds that Petitioner is detained not under § 1225(b)(2) but under § 1226(a)(1), the proper remedy is a bond hearing—as expressly contemplated in § 1226(a)(1)." ECF No. 15; *see also* ECF No. 1 at 1.

## II.   CONCLUSION

Consistent with the above analysis, the Court ORDERS Respondents to provide Petitioner with a bond hearing within FIVE DAYS of this Order. *See* § 1226. At that hearing, Respondents SHALL bear the burden of justifying Petitioner's continued detention by clear and convincing evidence. Respondents SHALL file a status report

---

[*] The Court notes that the parties' briefs raise the question as to whether Petitioner is a member of a recently certified class, and the effect this class certification has on the relief he seeks in the instant petition. *Compare* ECF No. 15 at 13; *and* ECF No. 1 at 4, *with Bautista v. Santacruz*, --- F. Supp. 3d ----, Case No. 5:25–cv–01873–SSS–BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25–cv–01873–SSS–BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Any potential class membership does not affect the Court's ability to adjudicate the instant petition, given the Court's determination that relief here is governed by § 1226. *Compare* § 1226, *with Bautista*, 2025 WL 3713987, at *30.

within TEN DAYS of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

DATED this 27th day of January 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge